# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **In re:** ) | |
| Aredia® and Zometa® ) | |
| Products Liability Litigation ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | |
| ) | Judge Campbell |
| **This Document Relates to:** ) | |
| 3:06-cv-00377 (Punnose) ) | Magistrate Judge Brown |
| 3:06-cv-00381 (Hogan) ) | |
| 3:06-cv-00521 (Brodie) ) | |
| 3:06-cv-00550 (White) ) | |
| 3:06-cv-00659 (Crews) ) | |
| 3:08-cv-00068 (Fussman) ) | |
| 3:06-cv-00069 (Napolitano) ) | |
| 3:08-cv-00071 (Deutsch) ) | |
| 3:07-cv-01198 (Melau) ) | |
| 3:07-cv-00573 (Anderson) ) | |
| _____ ) | |

## PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL DISCOVERY RESPONSES

Comes Now the Plaintiffs Steering Committee and pursuant to Federal Rule Civ. Pro. 37(a)(2) and Local Rule 37.01 moves to compel discovery responses of Defendant Novartis in support whereof it submits a Memorandum of Law and states:

1. The PSC and Defendant have engaged in discovery for at least a year and a half. Through document requests, interrogatories, and depositions the PSC has attempted to obtain information allowed by the Federal Rules to prosecute these cases.

2. The PSC and Defendant have negotiated over the discovery requests and responses many times and come to agreement on most issues during the course of litigation.

3. The remaining document production issues, consolidating many requests and depositions were reduced to writing by Bart T. Valad, of Valad & Vecchione of the PSC by letter to Defendant's counsel Robert Johnston, of Spriggs & Hollingsworth dated June 11, 2008. (Attached as Exhibit A to Plaintiff's Memorandum in Support of the PSC'S Motion to Compel Production).

4. Mr. Johnston responded to these outstanding issues and stated Novartis' remaining objections by letter dated June 17, 2008. (Attached as Exhibit B to Plaintiff's Memorandum in Support of the PSC's Motion to Compel Production.)

5. Thus, despite many attempts at agreement the parties are at odds on 1 (redactions), 2 (Dear Doctor Letters), 3(Electronic Databases), 5(Marketing and Advertising Budgets), 6(Sales and Profit Information), 7 (X-Rays in the Clinical Trials), 9(E-mails of Custodians), 11 (Surveys) of Mr. Valad's letter.  The parties are working on items three and nine in the New Jersey litigation.  Plaintiff's request that whatever material is produced there be available for use in these matters.

6. Other discovery materials have only recently been produced and a motion on any disputes is not ripe on those items.

Wherefore, the PSC requests that Defendant be compelled to produce items 1, 2, 5, 6, 7 and 11, and the PSC's ability to move on recently produced discovery responses not be foreclosed as more fully described in the Memorandum submitted herewith.

Respectfully submitted,

THE PLAINTIFFS' STEERING COMMITTEE

By: /s John J. Vecchione
Bart T. Valad, Esq.
John J. Vecchione, Esq.
VALAD & VECCHIONE, PLLC
3863 Plaza Drive
Fairfax, Virginia  22030
Telephone:  (703) 352-4800
Fax:  (703) 352-4820

Dated:      June 24, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff Steering Committee's Motion to Compel Discovery Responses was furnished by operation of the Court's Electronic Case Filing System on counsel of record in case No. 3:06-MD-1760,

on this 24th day of June, 2008.

                                                    /s John J. Vecchione  
                                                  John J. Vecchione, Esq.