**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| AREDIA® AND ZOMETA® | ) | No.: 3:06-md-1760 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| (MDL No.: 1760) | ) | JUDGE CAMPBELL |
| | ) | |
| **This Document Relates to:** | ) | MAGISTRATE JUDGE BROWN |
| 3:06-cv-00377 (Punnose) | ) | |
| 3:06-cv-00381 (Hogan) | ) | |
| 3:06-cv-00521 (Brodie) | ) | |
| 3:06-cv-00550 (White) | ) | |
| 3:06-cv-00659 (Crews) | ) | |
| 3:08-cv-00068 (Fussman) | ) | |
| 3:06-cv-00069 (Napolitano) | ) | |
| 3:08-cv-00071 (Deutsch) | ) | |
| 3:07-cv-01198 (Melau) | ) | |
| 3:07-cv-00573 (Anderson) | ) | |

<u>**PLAINTIFFS' STEERING COMMITTEE'S MOTION TO CHALLENGE PRIVILEGE,
TO COMPEL, OR TO PRESERVE THE RIGHT TO CHALLENGE PARTICULAR
DOCUMENTS**</u>

NOW COMES the Plaintiffs' Steering Committee ("PSC") and, pursuant to Federal Rule of Civil Procedure 37(A)(2)(B), moves this Court to compel the Defendant, Novartis Pharmaceuticals Corporation ("Defendant" or "NPC"), to produce for inspection by the PSC, or, in the alternative, to order an *in camera* inspection by this Court, or to preserve the right to challenge certain particular documents, and in support of that motion submits the accompanying Memorandum in Support of Motion ("the Memorandum") and states as follows:

1. The PSC has served numerous document requests upon Defendant Novartis. In response to these requests Novartis has produced a privilege log for attorney client and/or work product documents.

1

2. That privilege log, to date includes at least twenty one thousand five hundred and eight (21,508) documents, numbering at least one hundred twenty five thousand three hundred and fifty four (125,354) pages claiming privilege.

3. On January 25, 2008, the PSC sent a letter to defendant requesting the names of attorneys who created work product or otherwise received or sent materials to client. *See* Exhibit A, The Memorandum.

4. On February 1, 2008 Mr. Gary Rubin of Spriggs & Hollingsworth provided the list. *See* Exhibit B, Memorandum.

5. The PSC embarked on an analysis of the claimed privileged material and have eliminated more than three fourths of the documents as subject to possible challenge. The remaining documents are described in an excel version of the privilege log by bate stamp number as Exhibit C to the Memorandum.

6. The PSC is attempting to further reduce this number (now in excess of 5000 documents) before listing and negotiating the resulting documents with opposing counsel.

7. The documents attached do not appear to be produced by or directly sent to any of the attorneys on Novartis' list for legal advice.

WHEREFORE, The PSC respectively requests the Court order this material produced, or more particularly, allow the PSC to challenge individual items after discussion with Novartis.

Dated:  June 24, 2008

Respectfully Submitted,

By:    _s/ John J. Vecchione_
       Bart T. Valad, Esq.
       John J. Vecchione, Esq.
       *Valad & Vecchione, PLLC*
       3863 Plaza Drive
       Fairfax, Virginia 22030
       Telephone:    (703) 352-4800
       Facsimile:    (703) 352-4820

*Counsel on behalf of Plaintiffs' Steering Committee*

**<u>CERTIFICATE OF SERVICE</u>**

On this 24th day of June, 2008, I certify that I served all counsel of record by filing the foregoing **Plaintiffs' Steering Committee's Motion to Challenge Privilege, To Compel, or To Preserve the Right to Challenge Particular Documents** by using this Court's ECF system.

By:     s/ John J. Vecchione
John J. Vecchione, Esq.