IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **In re:**                                              ) | |
| Aredia® and Zometa®                           ) | |
| Products Liability Litigation                   ) | No. 3:06-MD-1760 |
| (MDL No. 1760)                                   ) | |
|                                                           ) | Judge Campbell |
| **This Document Relates to:**                ) | |
| 3:06-cv-00377 (Punnose)                     ) | Magistrate Judge Brown |
| 3:06-cv-00381 (Hogan)                        ) | |
| 3:06-cv-00521 (Brodie)                        ) | |
| 3:06-cv-00550 (White)                         ) | |
| 3:06-cv-00659 (Crews)                        ) | |
| 3:08-cv-00068 (Fussman)                    ) | |
| 3:06-cv-00069 (Napolitano)                  ) | |
| 3:08-cv-00071 (Deutsch)                     ) | |
| 3:07-cv-01198 (Melau)                         ) | |
| 3:07-cv-00573 (Anderson)                    ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S,
MOTION TO CHALLENGE PRIVILEGE, TO COMPEL, OR TO PRESERVE THE
RIGHT TO CHALLENGE PARTICULAR DOCUMENTS**

The PSC submits this Memorandum in an abundance of caution, to preserve the right to challenge certain documents against which Defendant Novartis ("Novartis or "NPC") has asserted privilege.

I.   Facts

The PSC has served numerous document requests on Novartis over the course of discovery in these cases. The PSC has served eight sets of requests for document production on the Defendant. Defendant has responded to these requests by making documents available. However, in each case it has asserted attorney client or work product privilege objections and termed certain documents privileged and undiscoverable. To date, NPC has listed approximately twenty one thousand five hundred and eight (21,508) documents as protected by

1

the attorney-client privilege in its privilege log. This amounts to a total of one hundred and twenty five thousand three hundred and thirty four (125,354) pages claimed as protected by the privilege.

By letter dated January 25, 2008 the PSC inquired of NPC what the names were of the attorneys creating work product or receiving privileged communications. (January 25, 2008 letter of John J. Vecchione of Valad & Vecchione, to Gary Rubin of Spriggs & Hollingsworth). NPC responded on February 1, 2008 with a list of such attorneys. (February 1, 2008 letter of Gary Rubin, of Spriggs & Hollingsworth to John J. Vecchione of Valad & Vecchione attached as Exhibit B).

The PSC has conducted an analysis of the Defendant's privilege log. Although the documents are supposed protected by the attorney-client privilege, it appears that the documents identified hereto in Exhibit C may not be authored by or produced to an attorney for legal advice. The PSC's analysis has eliminated three fourths of the log but still remains extensive. It appears to the PSC that the attached list could be winnowed further and that discussions with Novartis over particular documents might lay the concerns to rest.

II.     Argument

The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1999).

It is clear that "a communication is not privileged simply because it is made by or to a person who happens to be an attorney." *In re Rospatch Securities Litig.*, No. 1:90-CV-805, 1991

WL 574963, at *8 (W.D.Mich. March 14, 1991). For a communication to be privileged, it must have as its "primary purpose" the solicitation of legal advice. *Id.* The solicitation of business advice, even from legal sources, is not protected. *Id.* Further, the attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

The documents described in Exhibit C by batestamp do not appear to have been made by or sent to an attorney primarily for legal advice.

III.     Conclusion

The PSC requests, for the above stated reasons, that this Court compel NPC to produce, or allow the PSC to challenge individual documents after consultation with NPC.

Dated:  June 24, 2008

        Respectfully Submitted,

        By:      s/ John J. Vecchione
                Bart T. Valad, Esq.
                John J. Vecchione, Esq.
                *Valad & Vecchione, PLLC*
                3863 Plaza Drive
                Fairfax, Virginia 22030
                Telephone:    (703) 352-4800
                Facsimile:    (703) 352-4820

                *On behalf of Plaintiffs' Steering Committee*

**CERTIFICATE OF SERVICE**

On this 24th day of June, 2008, I certify that I served all counsel of record by filing the foregoing **Memorandum in Support of Plaintiffs' Steering Committee's Motion to Challenge Privilege, to Compel, or to Preserve the Right to Challenge Particular Documents** by using this Court's ECF system.

> By:  s/ John J. Vecchione
> John J. Vecchione, Esq.

# EXHIBIT
# A

# VALAD & VECCHIONE, PLLC

Bart T. Valad, Member
John J. Vecchione, Member

January 25, 2008

3863 Plaza Drive
Fairfax, VA 22030
Phone: (703) 352-4800
Fax: (703) 352-4820

**VIA ELECTRONIC MAIL
AND FACSIMILE**

Gary I. Rubin, Esquire
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005

Re:   *In re Aredia® and Zometa® Products Liability Litigation*, 3:06-MD-1760;
        Novartis Privilege Log

Dear Gary:

This letter is to inquire regarding Novartis' privilege log. It is very difficult if not impossible to determine whether a claim of privilege in any correspondence or document is properly made as we often do not know if it was produced by or addressed to, an attorney. In order to determine whether claims of privilege have been properly made the PSC needs to know who the attorneys for Novartis are. We do not want to challenge claims of privilege under a misapprehension of whether the author or addressee is a lawyer. Do you have, or can you provide to us a list of the claimed attorney's in the privilege log?

Secondly, we believe from your theory of the case and statements of fact, that documents containing material on phossy jaw or reports to Novartis of ONJ, dated prior to December 2002 can not possibly have been prepared in anticipation of litigation. We intend to challenge any document prior to that date mentioning Osteonecrosis, jaw problems or phossy jaw, that has been withheld on the basis of privilege unless you can state that no such document exists, or provide a reason why this assumption is incorrect.

Please contact me at your earliest convenience to discuss the matter of who the lawyers are which will likely eliminate or greatly reduce any requirement of motion practice on this issue.

Sincerely,

John J. Vecchione, Esq.

cc:  C. Patrick Flynn, Esq.

# EXHIBIT B



Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Gary I. Rubin
202.898.5830
grubin@spriggs.com

February 1, 2008

**VIA ELECTRONIC MAIL AND FIRST-CLASS MAIL**

John Vecchione, Esq.
Valad & Vecchione, PLLC
3863 Plaza Drive
Fairfax, VA 22030

    Re:    *In re Aredia® and Zometa® Prods. Liab. Litig.*, 3:06-MD-1760 (M.D. Tenn.)

Dear John:

    As requested in your letter of January 25, 2008, I am enclosing a list of attorneys and paralegals whose names appear on Novartis Pharmaceuticals Corporation's privilege log.

    We do not understand your comment about documents that pre-date December of 2002. The PSC's position that a privilege attaches solely if a document were "prepared in anticipation of litigation" is categorically incorrect. Even with respect to documents protected from disclosure by work product immunities, the context in which the document was prepared is the controlling characteristic, and the date of creation is only one aspect of such context. We are of course happy to address any particular documents that you have questions about, but it is impossible for us to do so unless and until you identify those documents for us.

    If you have further questions, please let me know.

Sincerely,

Gary I. Rubin

Enclosure

cc:    C. Patrick Flynn, Esq. (via e-mail w/o enclosure)
       Daniel A. Osborn, Esq. (via e-mail w/o enclosure)
       Robert G. Germany, Esq. (via e-mail w/o enclosure)
       F. Dulin Kelly, Esq. (via e-mail w/o enclosure)
       Katharine R. Latimer, Esq. (via e-mail w/o enclosure

Aberback, Darya
Ackermann, Christina [Ackermann-Swistara, Christina]
Antokol, Joan
Asseo, Capucine
Babat, Amy
Bärlocher, Urs
Baerlocher, Urs
Baumer, Catherine
Benenson, Jennifer
Benjamin, Jeff
Birch, Joyce M
Bissinger, Kristin
Bohmann, Christine
Borovian, Joseph J.
Brenner, Jennifer
Buss, Volker
Cohen, Katherine Meyers
Collin, Emmanuel
Crawley, Patrick
Davidson, Ann
DeMario, Gordon
de Weerd, Peter
DeLisi, Lynne
Dhindsa, Ranjit
Discepola, Thea
Dohmann, George
Dolman, George
Dunst, Isabel P
Egloff, Alex
Eha, Anne-Lise
Engel, John
Eschbach, Martin
Feckanicz, Sandy
Ferraiuolo, Ellen M
Ferrari, Emmanuelle
Fischer, Kathy
Fishman, Irving
Fleury, Esther
Fowler, Donald W.
Furman, Diane E
Gandy, Keith
Garrison, Matthew C
Gearhart, Richard
Gerstenhaber, Charna
Glynn, Mike
Goldfarb, Steven

PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE 3:06-MD-1760 (MD TENN)

Goodman, Sarah
Gruenfeld, N.
Hamilton, Dana (formerly Dana Murphy, Dana Febbi)
Hartman, Steven
Henrich, Martin P.
Ho, Penny
Hoffman, Joel E.
Hollingsworth, Joe
Hoxie, Thomas
Jackson, Oona
Jones, Kathy M.
Kallas, Nicholas
Kassenoff, Melvyn M
Kehoe, Diana L.
Kendris, Thomas
Koehler, Angela F.
Kruger, Stuart
Kwon, Jessica
Langbein, Stuart M
Lardans, Vinca
Lassarat, Stefanie
Latimer, Katherine
Lawton, Peter
Lazala, Virginia
Leitch, David
Leon, Susanna
Levi, Barbara
Loeschorn, Carol A.
Lynch, Karina
MacKay, Kim Banks
Manzari, Oona [Oona Jackson]
Marti Romero, Francisco
Mathias, Marla
McGee, Elizabeth
McNally, Lydia
Merkelson, Wayne
Metro, Joe (outside counsel)
Miller, George
Minster, Tovah
Morris, Clive
Naidus, Robert
O'Connell, Thomas
O'Hara, Laurie S.
Pelzer Robert E.
Pierce, Charlene
Pinori, Deborah

PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE 3:06-MD-1760 (MD TENN)

Platkin, Lawrence P.
Reilly, Sean
Rodriguez, Ed
Rosenfeld, Barry
Rubin, Gary
Runge, Matthias
Rupprecht, Peter
Scoville, Tamara
Shapiro, Bruce
Sokolow, Steve
Solomon, Barry
Spillmann, Adrian
Sterling, Suzanne
Stoller, Lee J.
Suter, Benedikt
Teicher, Martin
Thompson, Robert
Tolman, David P.
Tran, LyLe [Ly-Le]
Van Arsdale, Rosemary G.
Vickery, Ann
Watson, Dorothy
Weiner, Conna
Werner, S. Mark
Wilder, Marcy
Wildman, David E.
Wilusz Jr., Edward J.
Yauch, Carmela

PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE 3:06-MD-1760 (MD TENN)