IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | No.: 3:06-md-1760 |
| **Aredia and Zometa** | ) | |
| **Products Liability Litigation** | ) | Judge Campbell |
| **(MDL No.: 1760)** | ) | Judge Brown |
| | ) | |
| **This Document Relates to:** | ) | |
| *3:06-cv-00377 (Punnose)* | ) | |
| *3:06-cv-00381 (Hogan)* | ) | |
| *3:06-cv-00521 (Brodie)* | ) | |
| *3:06-cv-00550 (White)* | ) | |
| *3:06-cv-00659 (Crews)* | ) | |
| *3:08-cv-00068 (Fussman)* | ) | |
| *3:08-cv-00069 (Forman)* | ) | |
| *3:08-cv-00071 (Deutsch)* | ) | |
| *3:07-cv-01198 (Melau)* | ) | |
| *3:07-cv-01184 (Anderson)* | ) | |
| _____ | / | |

**ORDER**

Plaintiffs have filed a Motion to Compel Discovery. (Docket Entry 1439). As this Motion raises several separate matters, the Magistrate Judge will address each issue in turn.

First, Plaintiff argues yet again that Defendant has improperly redacted materials. As this matter was previously raised by the Plaintiffs, the Magistrate Judge has already reviewed a random sampling of redacted documents and has found, when comparing them to the unredacted versions, that the redactions as to relevancy were for the most part proper. (Docket Entry 597). The Magistrate Judge addressed the Plaintiffs' concerns about this issue in detail. (Docket Entry 597, Pages 3-9). Plaintiffs have provided no additional arguments regarding this matter and no specific instances which demonstrate that Defendant is overusing it's blackout pen. The Magistrate Judge is certainly willing to again have the Plaintiffs submit a list of what they

1

believe to be improper redactions from which the Magistrate Judge will again review a random sampling.  However, at this point, the Plaintiffs have given no reason which convinces the Magistrate Judge to change his previous ruling.  Therefore, Plaintiffs' request on this issue is denied.

The next issue the Plaintiffs raise involves "Dear Doctor" letters.  The Magistrate Judge has reviewed the motion and Defendant's response and it is unclear as to what additional information Plaintiffs are claiming was withheld.  Defendant states that it has provided the requested information and that further depositions are already noticed which will address any additional information regarding this topic.  Further, Plaintiffs' own motion states that Defendant did not refuse to provide information, other than one witness out of several being instructed not to answer one question during what appears to be a lengthy deposition.  (Docket Entry 1440, Page 5).  As such, the Magistrate Judge will be glad to consider any further motions on this topic once the Plaintiffs adequately address exactly what information they believe was withheld.  At the present time, however, Plaintiff's request on this issue is denied.

Plaintiffs again request financial information, in the form of marketing and advertising budgets as well as sales and profits information.  Again, the Magistrate Judge finds that the Plaintiffs' request for this information is premature and is not relevant until the damages phase of litigation. Therefore, Plaintiffs' request on this issue is denied.  However, the Defendant should be prepared to provide this information if these cases reach the damages stage.

Plaintiffs next request that Defendant be compelled to provide the x-rays of several patients involved in the clinical trials.  The Magistrate Judge agrees with the Plaintiffs that the Defendant should produce the records of the identified 26 patients at Defendant's expense.  As

such, Plaintiffs' motion on this issue is granted with respect to the identified 26 patients' x-rays if these x-rays can be located.

The next request deals with "the survey issue." Plaintiffs' concerns about whether all marketing surveys have been produced are adequately addressed by the Defendant's response that all marketing surveys have in fact been produced. Absent a showing that information was withheld, the Plaintiffs' request is denied.

Plaintiffs' next raise the issues of e-mails and databases. The Magistrate Judge does not agree with the Plaintiffs' rationale that this Court should wait until the New Jersey State Court has reviewed this matter in the New Jersey State Court cases. At this time, the Magistrate Judge needs further information from the parties on this matter. As such, it will be on the agenda for the next scheduled telephone conference and the parties should be prepared to fully discuss it at that time.

The last issue involves recently received discovery. The Magistrate Judge finds that Plaintiffs' request for additional time to review this information and to file any necessary motions is reasonable under the circumstances. As Plaintiffs have, at this point, already had one additional month beyond the June 20th deadline to review the latest discovery responses, the Plaintiffs have until August 5th to file any necessary motions.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge