## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| Aredia® and Zometa® | ) | |
| Products Liability Litigation | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | |
| | ) | Judge Campbell |
| **This Document Relates to:** | ) | |
| 3:06-cv-00377 (Punnose) | ) | Magistrate Judge Brown |
| 3:06-cv-00381 (Hogan) | ) | |
| 3:06-cv-00521 (Brodie) | ) | |
| 3:06-cv-00550 (White) | ) | |
| 3:06-cv-00659 (Crews) | ) | |
| 3:08-cv-00068 (Fussman) | ) | |
| 3:08-cv-00069 (Napolitano) | ) | |
| 3:08-cv-00071 (Deutsch) | ) | |
| 3:07-cv-01198 (Melau) | ) | |
| 3:07-cv-01184 (Anderson) | ) | |
| _____ | ) | |

## PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES

Comes Now the Plaintiffs Steering Committee ("PSC") and pursuant to Federal Rule Civ. Pro. 37(a)(2) and Local Rule 37.01 moves to compel discovery responses of Defendant Novartis Pharmaceuticals Corporation ("Novartis" or "NPC").

Introduction

The PSC has now had time to review recent responses to requests for production and interrogatories by the Defendant, Novartis. The PSC has determined to bring to the Court's attention only a small group of failures of

production.  While the PSC does not condone the presence of boilerplate

objections or bates ranges of many thousands of pages as responses, it moves only

on those items that have been intractable through the course of this litigation and

remain in the most recent production of Novartis.

Request, Response and Deficiency

The following document responses or discovery objections remain in the

most recent Novartis production and have not been cured.  In the service of brevity

and clarity after each request and response, the PSC's view of how the response is

deficient is presented.

1.  NPC's Response to PSC's Eighth Document Request[1]

Request No. 1:      Identify by bates number and produce all
correspondence, emails, or writings of any kind (going in either direction)
between Defendant or its agents, employees or consultants, and the medical
and dental health care providers identified as treating Plaintiffs in the ten
cases recently selected for trial in Wave I-A of this litigation.

Response to Request No. 1:      NPC objects to this request as an improper
interrogatory to the extent that it requires NPC to provide Bates ranges of
documents.  NPC objects to this request to the extent that it seeks
information irrelevant to this litigation, namely products other than Aredia®
or Zometa® and osteonecrosis of the jaw.  NPC also objects to the term
"treater" as ambiguous and undefined.  NPC objects to this request to the
extent the information has already been produced to plaintiffs, and plaintiffs
can search those documents and databases for the information it seeks.  NPC
objects that this document request is also duplicative of previous discovery
requests seeking information about substantially similar topics.  NPC also
objects to this request as being overly broad and burdensome.  Absent closer
delineation of what plaintiffs define as a "treater", NPC would be forced to

---

[1] Relevant pages are attached hereto as Exhibit 1.

review hundreds of names provided in the Plaintiff Fact Sheets to identify the treating physicians for each of the plaintiffs in the ten Wave I-A cases and then perform searches for responsive documents for each of those treaters.  Plaintiffs are in the best position to determine which health care professionals they consider to be "treaters" for each of the plaintiffs and then perform the individual searches themselves.  NPC will not respond to this request unless it is more narrowly tailored.

<u>Deficiency</u>

In the ten test cases, captioned here, Plaintiffs are entitled to know of Novartis's contacts with the treaters of each Plaintiff.  This includes contacts by agents of Novartis.  Plaintiffs need not guess as to what documents Defendants claim make up these contacts.  Novartis has deposed hosts of treaters and care givers for all of the test cases.  It can not plausibly claim it does not know who they might be.  To the extent Novartis knows what contacts it or its agents have had with each of the ten test case Plaintiffs and which documents represent those contacts, Plaintiffs are entitled to that information as well.  These cases are preparing for trial and before trial Plaintiffs ought to be told which documents Novartis claims represent contacts with the Plaintiffs' treaters.  There is no excuse for not responding to this request.

2. <u>NPC's Response to PSC's Fifth Set of Interrogatories</u>[2]

Interrogatory No. 14:    List and describe in detail all signals of an association between Aredia and/or Zometa and ONJ identified by Novartis; all analyses done to identify such signals; all analyses of such signals once identified; whether it was determined if an association between Aredia and/or Zometa and ONJ in fact exist; and whether it was determined if a casual relationship exists between Aredia and/or Zometa and ONJ.  The answer to this interrogatory should include, without limitation, identification of the date when Novartis first observed a signal of an association between Aredia and/or Zometa and ONJ, when such association was established, and when a casual relationship between Aredia and/or Zometa and ONJ was established.

Response to Interrogatory 14:    NPC objects to this interrogatory as being beyond the 25 additional interrogatories allotted to plaintiffs in Magistrate Judge Brown's order dated January 25, 2007.  This interrogatory contains multiple subparts constituting several separate interrogatories.  NPC also objects to this interrogatory to the extent it suggests a "casual relationship" between Aredia® and/or Zometa® and ONJ.  NPC objects to the term "signal" as being vague and undefined. NPC also objects to this interrogatory because it is unlimited as to date and seeks *all* "signals" and "analyses", which is unduly burdensome. NPC objects to the use of the term "Novartis" to the extent that it includes any entity other than Novartis Pharmaceuticals Corporation. NPC objects to this request to the extent the information has already been produced to plaintiffs, and plaintiffs can search those documents for the information it seeks.

    Without waiving these or any other objections, NPC states that the subject matter of this interrogatory is better suited for 30(b)(6) witness testimony and, in fact, is duplicative of topic No. 6 of plaintiffs "Notice of Taking Video Deposition" dated May 21, 2008.  This interrogatory is also duplicative of previous discovery requests seeking information about substantially similar topics.  As such NPC will not respond to this interrogatory.

---

[2] Relevant pages are attached hereto as Exhibit 2.

Deficiency

In this response Novartis is again denying Plaintiffs knowledge of what Novartis asserts is or is not a "signal" of an association between its drugs and BONJ. Defendant is a large pharmaceutical company. If this objection is a claim it does not know what a "signal" is the Court ought to Order that the objection will be treated as an admission when Plaintiffs are making their case on pharmacovigilance. If it does know what a signal is it should respond to the question. If Novartis under oath wishes to say 1) there were no signals, 2) there is no association, and 3) there is no causation it can do so as a response, not as an objection. Once again it is as simple matter of responding to this question. The objections merely obfuscate.

Finally, Novartis claims it need not respond to an interrogatory because it may submit to a 30(b)(6) deposition (with a host of objections not here addressed). Plaintiffs are entitled to use every tool of discovery the federal rules offer. Novartis can not prevent valid discovery by pointing to another method.

3. NPC's Response to PSC's First Request for Admissions[3]

---

[3] Relevant pages are attached hereto as Exhibit 3.

Request for Admission No. 6:      Admit that Novartis is not aware of any study conducted since the introduction of Zometa to the market that in its protocol included investigating or testing the effects of Zometa on persons who have previously used Aredia.

Response to Request for Admissions No. 6:      NPC objects to this request as overly broad and unduly burdensome, as it seeks information about multiple studies over an unlimited timespan.  NPC further objects to this request as seeking information not relevant to the claims or defenses in this litigation.  This request asks about "the effects" of Zometa® in general and is not properly limited to the alleged adverse events at issue in this case.  NPC also objects to this request as seeking information previously produced to plaintiffs.  NPC has previously produced the entire Investigational New Drug Application ("IND") and New Drug Application ("NDA") for Zometa®, which contains all materials submitted to FDA during the approval process, including information about the clinical trials, as well as all continuing correspondence files between NPC and the FDA, which containing post-marketing information.  In addition, this request is duplicative of previously served discovery.

Some of the clinical trials that have taken place since Zometa® market introduction did not exclude patients who had previously taken Aredia®, however, other trials did exclude patients who had previously taken Aredia®.  The purpose of these trials was to study the efficacy of Zometa®, however, adverse events that occurred during the course of the trials were monitored and appropriately documented by NPC.  NPC denies this request.

<u>Deficiency</u>

This is a simple question requiring an admission or a denial: Is Novartis

aware of any test whose protocol included testing the effects of Zometa

on people who had previously taken Aredia?  The objections are not

warranted.  They should be removed and the request admitted or denied

without objection.

4. <u>NPC's Response and Objections to PSC's Notice of Taking Video Depositions[4]</u>

Topic 1:   All advisory board or dental advisory board meetings (including conference calls) at which an association or possible relationship between Aredia and/or Zometa and ONJ or osteonecrosis was addressed or discussed in any way.  The subject matter to be covered will include without limitation:  (a) the preparations made for each meeting; (b) presentations made at each meeting; (c) all agendas for each meeting; (d) all documents provided by Novartis, the advisors, or any other party for each meeting; (e) all documents reviewed at the meeting; (f) all minutes taken at each meeting; (g) all narratives or transcripts of the meetings; and (h) all summaries of or findings made from the meetings, or documents prepared in connection with work performed, findings made, or decisions reached by the boards at or subsequent to the meetings.

Objection 1: [Objections Omitted]  NPC will not designate a witness to testify regarding Reclast® related issues in Topic 1, and objects to any sub-topic that seeks testimony about Reclast®.

<u>Deficiency</u>

     The PSC has omitted the other objections in order to focus the Court's

attention on the Reclast issue.  The Court has already ruled that safety

information, at least, about Reclast is relevant and producible in this

MDL.  Reclast is the exact same substance as Zometa.  It is a

bisphosphonate. To the extent any of these meetings or advisory boards

discussed or prepared materials regarding Reclast (or contacted those that

did) Plaintiff is entitled to inquire about it and a 30(b)(6) witness should

---

[4] Relevant pages are attached hereto as Exhibit 4.

be prepared on it.  To the extent any of the material here is being

withheld based on this objection it should be struck and the materials

produced and a 30(b)(6) witness produced to testify to it.

Topic 7:   The purported incidence of ONJ in the HORIZON trials, including both the placebo and drug arms, to include: (a) the history of prior bisphosphonate use in the subjects purportedly developing ONJ, and (b) all medical records of the subjects, including without limitation the records relating to their purported ONJ.

Objection 7:[Objections Omitted]   NPC will not designate a witness to testify regarding topic 7 and objects to any topic that seeks testimony about Reclast®.

Deficiency

Just as in the prior topic, the Court has already ruled that safety

information, at least, about Reclast is relevant and producible in this

MDL.  Reclast is the exact same substance as Zometa.  It is a

bisphosphonate. To the extent any of the material here is being withheld

based on this objection it should be struck and the materials produced and

a 30(b)(6) witness produced to testify to it.


Argument

Not only is the scope of discovery easily broad enough to cover these

requests, but even were it a close question discovery is to be construed broadly.

Plaintiffs ought not have to guess as to what documents represent contacts with

their treaters.  They ought not to have to guess at what information, in Novartis's

view was or was not a signal as to an association between its drugs and BONJ.

Especially if Novartis's position is that there have been no signals the interrogatory

needs to be answered.  If Novartis is aware of any study whose protocol tests the

effect of Zometa on those previously taking Aredia Plaintiffs are entitled to know

about it. Finally, NPC can not wall off and refuse to testify to its knowledge of

Reclast in testifying about Zometa.  It would be as if Coke refused to allow any

information about Coke packaged in 8 ounce bottles, if it was in a suit concerning

coke in 12 ounce bottles and the Court ought not to countenance the failure to

produce a Rule 30(b)(6) witness to testify as to what information on that drug was

consulted or known when dealing with Zometa.

   As cited in the PSC's last brief on this topic, discovery is broad:

   Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir.1998). The Federal Rules of Civil Procedure authorize broad discovery. *United States v. Leggett & Platt, Inc.,* 542 F.2d 655 (6th Cir.1976). Discovery may relate to any matter within the scope of Rule 26(b). Fed.R.Civ.P. 34(a). Rule 26(b) authorizes "discovery regarding any non-privileged matter that is relevant to any party's claim or defense [.]" Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* These rules are to be construed liberally in favor of permitting appropriate discovery. *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm'n,* 418 F.2d 355 (6th Cir.1969).

 *FFDI v. JAG Graphics Ltd., slip copy (May 13, 2008), 2008 WL 2078065*

(S.D.Ohio). (Attached as Exhibit C to the Memorandum in Support of the PSC's

June 21, 2008 Motion to Compel).

Each item requested is within the limits of discovery and further ought to be produced.  The Deficiency of each item is clear.  The Court should strike the objections and order production or a designated Rule 30(b)(6) witnesses.

<u>Conclusion</u>

Novartis should be compelled to produce the requested material.

Respectfully submitted,

THE PLAINTIFFS' STEERING COMMITTEE

By: /s   John J. Vecchione
Bart T. Valad, Esq.
John J. Vecchione, Esq.
VALAD & VECCHIONE, PLLC
3863 Plaza Drive
Fairfax, Virginia  22030
Telephone:  (703) 352-4800
Fax:  (703) 352-4820

Dated:       August 5, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff

Steering Committee's Memorandum in Support of Its Motion to Compel

Discovery Responses was furnished by operation of the Court's Electronic Case

Filing System on counsel of record in case No. 3:06-MD-1760, on this 5th day of

August, 2008.

 /s John J. Vecchione
John J. Vecchione, Esq.

# Exhibit
# 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | No. 3:06-MD-1760 |
| AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION | JUDGE CAMPBELL |
| (MDL No. 1760) | MAGISTRATE JUDGE BROWN |
| This Document Relates To: Case No. 3:05-CV-00718 | |

## NOVARTIS PHARMACEUTICALS CORPORATION'S RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S EIGHTH SET OF DOCUMENT REQUESTS

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by and through counsel, makes the following response to Plaintiffs' Steering Committee's Eighth Set of Document Requests.

## PRELIMINARY STATEMENT

NPC incorporates by reference the Preliminary Statement contained in its Second Supplemental Responses to Plaintiffs' First Set of Interrogatories.

## DOCUMENT PRODUCTION PROTOCOL

NPC incorporates by reference the Document Production Protocol contained in its Second Supplemental Responses to Plaintiffs' First Set of Interrogatories.

## OBJECTIONS TO DEFINITIONS

In addition to the objections contained within the Preliminary Statement in its Second Supplemental Responses to Plaintiffs' First Set of Interrogatories, NPC objects to definition 9, "ONJ" because there is presently no consensus definition of osteonecrosis of the jaw within the

1

## DOCUMENT REQUESTS

1.    Identify by bates number and produce all correspondence, e-mails, or writings of any kind (going in either direction) between Defendant or its agents, employees or consultants, and the medical and dental health care providers identified as treating Plaintiffs in the ten cases recently selected for trial in Wave I-A of this litigation.

**RESPONSE:**

NPC objects to this request as an improper interrogatory to the extent that it requires NPC

to provide Bates ranges of documents.  NPC objects to this request to the extent that it seeks

information irrelevant to this litigation, namely products other than Aredia® or Zometa® and

osteonecrosis of the jaw.  NPC also objects to the term "treater" as ambiguous and undefined.

NPC objects to this request to the extent the information has already been produced to plaintiffs,

and plaintiffs can search those documents and databases for the information it seeks.  NPC

objects that this document request is also duplicative of previous discovery requests seeking

information about substantially similar topics.[2]  NPC also objects to this request as being overly

broad and unduly burdensome.  Absent closer delineation of what plaintiffs define as a "treater",

NPC would be forced to review hundreds of names provided in the Plaintiff Fact Sheets to

identify the treating physicians for each of the plaintiffs in the ten Wave I-A cases and then

perform searches for responsive documents for each of those treaters.  Plaintiffs are in the best

position to determine which health care professionals they consider to be "treaters" for each of

the plaintiffs and then perform the individual searches themselves.  NPC will not respond to this

request unless it is more narrowly tailored.

---

[2] *See* NPC's response to request nos. 12—17, 19, 21, 25—26, 32—33 from Plaintiffs 1st Set of Document Requests to NPC (12/14/05); NPC's Responses to Request Nos. 7-8 from PSC's 1st Set of Document Requests to NPC (2/05/07); NPC's response to Request Nos. 3(a)-(d), 6, 8, 10 and 24 from PSC's 3rd Set of Document Requests to NPC (11/01/07).

# Exhibit
# 2

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| IN RE:<br><br>AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION<br><br>(MDL No. 1760)<br><br>This Document Relates To: All Cases | No. 3:06-MD-1760<br><br>JUDGE CAMPBELL<br><br>MAGISTRATE JUDGE BROWN |

## NOVARTIS PHARMACEUTICALS CORPORATION'S
## RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S
## FIFTH SET OF INTERROGATORIES TO DEFENDANT

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by and through counsel, makes the following responses to Plaintiffs' Steering Committee's ("PSC") Fifth Set of Interrogatories.

### PRELIMINARY STATEMENT

NPC incorporates by reference the Preliminary Statement and objections contained in its Second Supplemental Responses to Plaintiffs' First Set of Interrogatories.

### DOCUMENT PRODUCTION PROTOCOL

NPC incorporates by reference the Document Production Protocol contained in its Second Supplemental Responses to Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 14:**

List and describe in detail all signals of an association between Aredia and/or Zometa and ONJ identified by Novartis; all analyses done to identify such signals; all analyses of such signals once identified; whether it was determined if an association between Aredia and/or Zometa and ONJ in fact exists; and whether it was determined if a causal relationship exists between Aredia and/or Zometa and ONJ. The answer to this interrogatory should include, without limitation, identification of the date when Novartis first observed a signal of an association between Aredia and/or Zometa and ONJ, when such association was established, and when a causal relationship between Aredia and/or Zometa and ONJ was established.

**RESPONSE:**

NPC objects to this interrogatory as being beyond the 25 additional interrogatories allotted to plaintiffs in Magistrate Judge Brown's order dated January 25, 2007. This interrogatory contains multiple subparts constituting several separate interrogatories. NPC also objects to this interrogatory to the extent it suggests a "causal relationship" between Aredia® and/or Zometa® and ONJ. NPC objects to the term "signal" as being vague and undefined. NPC also objects to this interrogatory because it is unlimited as to date and seeks *all* "signals" and "analyses", which is unduly burdensome. NPC objects to the use of the term "Novartis" to the extent that it includes any entity other than Novartis Pharmaceuticals Corporation. NPC objects to this request to the extent the information has already been produced to plaintiffs, and plaintiffs can search those documents for the information it seeks.

Without waiving these or any other objections, NPC states that the subject matter of this interrogatory is better suited for 30(b)(6) witness testimony and, in fact, is duplicative of topic No. 6 of plaintiffs "Notice of Taking Video Deposition" dated May 21, 2008. This interrogatory is also duplicative of previous discovery requests seeking information about substantially similar topics.[2] As such, NPC will not respond to this interrogatory.

---

[2] *See* NPC's response to Interrogatory No. 19 from Plaintiffs 1st Set of Interrogatories to NPC (1/06/06); and NPC's response to Interrogatory No. 4 from PSC's 4th Set of Interrogatories to NPC (6/17/08)

# Exhibit
# 3

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | No. 3:06-MD-1760 |
| AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION | JUDGE CAMPBELL |
| (MDL No. 1760) | MAGISTRATE JUDGE BROWN |
| This Document Relates To: Case No. 3:05-CV-00718 | |

NOVARTIS PHARMACEUTICALS CORPORATION'S
RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S
FIRST REQUESTS FOR ADMISSION

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by and through counsel,

makes the following response to Plaintiffs' Steering Committee's First Requests for Admission

RESPONSES

1.      Admit that all documents produced to the Plaintiffs or PSC by Defendant from
any file maintained by Defendant or any employee of Defendant are records kept in the course of
a regularly conducted business activity.

NPC objects to this request as being vague and unduly burdensome. The term "all

documents" is undefined and, as read, encompasses the entire document production to date. This

request seeks to establish authenticity across millions of pages of documents. To date, NPC has

produced to plaintiffs nearly 12 million pages of documents. NPC is willing to discuss an

authenticity stipulation with plaintiffs; however, any such stipulation would need to be discussed

on a document-by-document basis to ensure that it is appropriately narrow and tailored. After

reasonable inquiry NPC is unable to admit or deny this request.

inquiry NPC is unable to admit or deny this request, but is continuing to investigate and will supplement its responses.

6.    Admit that Novartis is not aware of any study conducted since the introduction of Zometa to the market that in its protocol included investigating or testing the effects of Zometa on persons who have previously used Aredia.

NPC objects to this request as overly broad and unduly burdensome, as it seeks information about multiple studies over an unlimited timespan. NPC further objects to this request as seeking information not relevant to the claims or defenses in this litigation. This request asks about "the effects" of Zometa® in general and is not properly limited to the alleged adverse events at issue in this case. NPC also objects to this request as seeking information previously produced to plaintiffs. NPC has previously produced the entire Investigational New Drug Application ("IND") and New Drug Application ("NDA") for Zometa®, which contains all materials submitted to FDA during the approval process, including information about the clinical trials, as well as all continuing correspondence files between NPC and the FDA, which containing post-marketing information. In addition, this request is duplicative of previously served discovery.[2]

Some of the clinical trials that have taken place since Zometa® market introduction did not exclude patients who had previously taken Aredia®, however, other trials did exclude patients who had previously taken Aredia®. The purpose of these trials was to study the efficacy of Zometa®, however, adverse events that occurred during the course of the trials were monitored and appropriately documented by NPC. NPC denies this request.

---

[2] NPC's response to Request No. 20 from PSC's 3rd Set of Document Requests to NPC (11/01/07); NPC's response to Request Nos. 1—3 from PSC's 4th Set of Document Requests to NPC (11/13/07); NPC's response to PSC's 5th Set of Document Requests to NPC (2/20/08).

4

# Exhibit
# 4

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

|  |  |
|---|---|
| IN RE: | )<br>)<br>) **No. 3:06-md-1760** |
| **AREDIA® AND ZOMETA® PRODUCTS**<br>**LIABILITY LITIGATION** | )<br>)<br>) **JUDGE CAMPBELL** |
| **(MDL No. 1760)** | )<br>) **MAGISTRATE JUDGE BROWN**<br>) |
| **This Document Relates To:** All Cases | )<br>)<br>)<br>) |

### NOVARTIS PHARMACEUTICALS CORPORATION'S
### RESPONSE AND OBJECTIONS TO PLAINTIFFS' STEERING
### <u>COMMITTEE'S NOTICE OF TAKING VIDEO DEPOSITION</u>

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by and through counsel,

makes the following response and objections to Plaintiffs' Steering Committee's Notice of

Taking Video Deposition.

### <u>GENERAL OBJECTIONS</u>

NPC objects to the term "ONJ" as it is undefined within this notice and because there is

presently no consensus definition of osteonecrosis of the jaw within the medical and/or dental

community. Moreover, at the time plaintiffs in these cases were allegedly diagnosed with "ONJ"

there was no consensus definition of that disease entity. Accordingly, the definition of "ONJ" is

vague.

NPC objects to the term "Zometa" as it is undefined within this notice and to the extent

that it includes products other than Zometa®, *e.g.,* Aclasta® and Reclast®, that are thus not

relevant to this litigation.

NPC objects to the term "Aredia" as it is undefined within this notice and to the extent

that it includes products other than Aredia®, *e.g.*, generic pamidronate, that are thus not relevant

to this litigation.

NPC objects to the term "Novartis" to the extent that it includes any entity other than

Novartis Pharmaceuticals Corporation, which is incorporated under the laws of the state of

Delaware with its principal offices located in East Hanover, New Jersey.

### RESPONSE AND OBJECTIONS TO DEPOSITION TOPICS

1.      NPC objects to topic 1, "[a]ll advisory board or dental advisory board meetings

(including conference calls)," as it is vague and overbroad and to the extent that it is not

temporally limited to the period at issue in this lawsuit. NPC objects to topic 1 to the extent that

the information has already been produced to plaintiffs through the production of documents

from various custodians. Plaintiffs have all this information available to them and the burden of

running these searches is the same as that on NPC. NPC further objects to topic 1 because it is

duplicative of Request No. 7 of the PSC's Eighth Set of Document Requests, which states:

> Identify by bates number and produce the final versions of the following
> documents in connection with Novartis advisory boards or dental advisory boards
> dealing with Aredia and/or Zometa and ONJ or osteonecrosis: (a) all agendas for
> each meeting; (b) all documents provided by Novartis, the advisors, or any other
> party for the meeting; (c) all documents reviewed at the meeting; (d) all minutes
> taken, without regard to whether they were taken by Novartis, the advisors, or
> others; (e) all narratives or transcripts of the meetings; (f) all audio or video
> recordings of the meetings; and (g) all summaries of or findings made from the
> meetings, or documents prepared in connection with work-performed, findings
> made, or decisions reached by the boards.

NPC hereby incorporates by reference its response to Request No. 7 from PSC's Eighth Set of

Document Requests. NPC will not designate a witness to testify regarding Reclast® related

issues in Topic 1, and objects to any topic or sub-topic that seeks testimony about Reclast®.

2

to the term "signal" as it is vague and undefined. These objections notwithstanding, NPC invites

plaintiffs' counsel to meet and confer on the interpretation of deposition topic 6 so that NPC can

provide an appropriate witness. To the extent that this topic relates to clinical trials performed

for either Zometa® or Aredia®, NPC objects to the extent that plaintiffs have already had an

opportunity to obtain testimony from NPC witnesses regarding this topic.

　　　7.　　　NPC objects to topic 7 to the extent that the information has already been

produced and the topic is duplicative of Request Nos. 1-3 of the PSC's Fourth Requests for

Production, which state:

> (1) All documents concerning the HORIZON Pivotol Fracture Trial. This trial concerned the use of zoledronic acid to test its efficacy in preventing fractures. Specifically include, without limitation, and identify documents concerning the trial protocol(s) and all information concerning whether persons who had previously received bisphosphonate drugs were admitted to the trial.
>
> (2) All documents concerning all persons admitted as subjects in the HORIZON Pivotal Fracture Trial who had a history of prior bisphosphonate use, including without limitation: (1) identification of the records concerning the prior bisphosphonate use; (2) the arm of the trial in which each such subject was placed.
>
> (3) All documents concerning the subjects in the HORIZON Pivotal Fracture Trial who were identified as developing ONJ or having ONJ-related symptoms or procedures, regardless of what arm of the trial they were placed in. Specifically identify the subjects' prior history of use of bisphosphonates, and the arm of the trial in which each was placed.

NPC hereby incorporates by reference its responses to Request Nos.1-3 of the PSC's Fourth

Requests for Production. NPC will not designate a witness to testify regarding topic 7 and

objects to any topic that seeks testimony about Reclast®.

　　　8.　　　NPC objects to topic 8 as NPC has already produced this information in various

forms, including providing testimony regarding this topic pursuant to Federal Rule of Civil

Procedure 30(b)(6). Plaintiffs examined Dr. Lynne McGrath at length regarding NPC's various

label changes and had the opportunity at that time to obtain this testimony. It would unduly